IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>JADE SCOTT CLEMENTS and<br>SHERRY LOUISE CLEMENTS,<br><br>Debtor(s). | CASE NO. BK19-41806-TLS<br><br>CHAPTER 12<br><br>ORDER |

This matter is before the court on the motion for summary judgment by creditor William Brush (Fil. No. 119) and the debtors' resistance (Fil. No. 124) regarding the Chapter 12 trustee's motion to amend plan payments (Fil. No. 107). Cindy R. Volkmer represents the moving creditor and John C. Hahn represents the debtors. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

This matter arises because excess funds exist after equipment securing the claim of John Deere Financial was sold and the claim satisfied. The Chapter 12 trustee filed a motion proposing to distribute the nearly $26,000 remaining to unsecured creditors on a pro rata basis. William Brush objects to the trustee's motion, asserting that he owns the equipment sold by Deere and the excess funds should be paid to him. The debtors request that the excess funds be paid to them for use in their farming operation.

At a hearing on the trustee's motion, the court determined that the issue to be decided concerns the parties' competing interests in the proceeds of the sale of property and should be treated as an adversary proceeding. Accordingly, the parties filed a preliminary pretrial statement and a stipulation of undisputed facts, and Mr. Brush filed this motion for summary judgment on the basis that no genuine issues of material fact exist as to the ownership of the assets sold by Deere, so judgment should be granted in Mr. Brush's favor.

> Summary judgment is appropriate where a party shows "there is no genuine dispute as to any material fact" and the party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if a factfinder could reasonably determine the issue in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factfinder's decision is reasonable if it is based on "sufficient probative evidence" and not on "mere speculation, conjecture, or fantasy." *See Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)).

*Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 714 (8th Cir. 2019).

The first step in analyzing a summary judgment motion is to determine what the facts are. The parties have stipulated to the following facts:

1. Mr. Brush and Jade Clements were in business together for many years. Mr. Brush (or his entities) leased cattle to Mr. Clements and, in payment, Mr. Clements received a percentage of the calf crop.

2. Jade and Sherry Clements filed a bankruptcy petition under Chapter 12 of the United States Code on October 29, 2019.

3. Deere & Company filed its entry of appearance in this case on November 11, 2019.

4. The bar date for filing claims in this matter was January 7, 2020.

5. The debtors' § 341 meeting was held on January 30, 2020.

6. On February 3, 2020, Deere & Company, doing business as John Deere Financial, filed four proofs of claim (Claims No. 6, 7, 8, and 9), together with a motion to allow late-filed proof of claim (Fil. No. 26), and a motion for relief from the automatic stay (Fil. No. 27).

7. The Chapter 12 trustee, Deere & Company, and John Deere Financial entered into a stipulation regarding the motion to allow late-filed proofs of claim (Fil. No. 38), which was approved by the court on February 20, 2020.

8. The stipulation said that the payment priority of the unsecured portion of the late-filed claims, if any funds were available, would be behind all timely filed unsecured creditors' claims.

9. On March 2, 2020, John Deere Financial was granted relief from the automatic stay (Fil. No. 50) as to the John Deere 7780 self-propelled forage harvester, the John Deere 678 hay & forage cornhead, and the John Deere 640C hay pickup (collectively referred to as "the harvester").

10. The debtors submitted their second amended Chapter 12 plan for approval on August 20, 2020 (Fil. No. 93).

11. John Deere Financial sold the harvester on June 18, 2020. The collateral was sold for $107,600, which generated excess funds of $25,796.37. The excess funds were remitted to the trustee.

12. These excess funds were not accounted for in the second amended Chapter 12 plan because the debtors believed there would be a deficiency.

13. The debtors offered a stipulation as to various claims on July 23, 2020 (Fil. No. 87).

14. That stipulation included claims of Mr. Brush.

15. On September 2, 2020, the court entered an order confirming the debtors' second amended Chapter 12 plan (Fil. No. 103).

The evidence before the court establishes the following additional facts:

1. The debtor entered into a retail installment contract – security agreement with Plains Equipment Group on August 18, 2014, to purchase the harvester. Plains Equipment Group subsequently assigned the contract to Deere & Company.

2. The debtor's obligations to Deere were secured by a purchase-money security interest in the harvester; Deere filed a UCC-1 financing statement to perfect the security interest.

3. Mr. Brush and the debtor entered into a sale-lease agreement, memorialized in writing on Mr. Brush's letterhead on August 31, 2016, under which Mr. Brush agreed to purchase the harvester from the debtor for $246,585.52. Mr. Brush also agreed to take over the four remaining annual payments to John Deere Financial. In the same agreement, Mr. Brush leased the harvester back to the debtor for ten years for $27,125 per year, with the first payment due on December 15, 2016. The debtor agreed to maintain, insure, and pay the personal property taxes on the harvester for the life of the lease.

4. Deere did not consent to the debtor's sale or lease of the harvester.

5. Mr. Brush made the following payments to John Deere Financial for the harvester:

    a. $62,547.84 on August 30, 2016;
    b. $64,360.07 on August 28, 2017; and
    c. $63,773.92 on August 28, 2018.

6. There evidently was an oral agreement between the debtor and Mr. Brush under which the debtor "would harvest Mr. Brush's crops in exchange for Mr. Brush paying Deere directly for the harvester's loan payments." Decl. of Jade Clements, ¶ 5 (Fil. No. 42). It is unclear whether this custom-harvesting arrangement was, in full or in part, in lieu of the $27,125 annual rental payment the debtor was supposed to make to Mr. Brush under the sale-lease agreement, or whether it was a completely separate arrangement.

In support of the motion for summary judgment, the movant argues that Mr. Brush's ownership of the harvester was established in the context of the court's ruling on Deere's motion for relief from the automatic stay and is now the law of the case.

Under the law-of-the-case doctrine, "'a court should not reopen issues decided in earlier stages of the same litigation.'" *In re Raynor*, 617 F.3d 1065, 1068

> (8th Cir. 2010) (quoting *Agostini v. Felton*, 521 U.S. 203, 236, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997)). This policy of deference "prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *Id.* (internal quotation marks omitted). . . . "[T]he doctrine does not apply if the court is convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1250–51, 179 L. Ed. 2d 196 (2011) (second alteration in original) (internal quotation marks omitted).

*Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 898 (8th Cir. 2015).

This is a reasonable argument, but not one that applies on the facts of this case. In the hearing on Deere's motion for relief from the automatic stay, the court made clear in several instances that it was ruling only on whether or not Deere had established prima facie cause for relief from the stay. The court mentioned more than once that live testimony would have been preferable in light of the factual ambiguities, but was willing to, and did, rule based on the affidavit evidence with the parties' consent. The court stated that the evidence, including the debtor's affidavit testimony, was consistent with a sale to Mr. Brush, which meant the harvester was not property of the estate and could be sold by Deere. However, the court also noted at least twice that, while the debtor had argued there is a dispute about Mr. Brush's claim and the debt he owes to the debtor[1], that matter was not before the court at the time and was not being decided at that hearing.

Therefore, while the court determined that the debtor had sold the harvester to Mr. Brush, it did not decide anything more than that concerning the parties' respective rights in the harvester or its proceeds. In fact, the court observed on the record at the stay relief hearing that if there was a contract breach by Mr. Brush as the debtor argued, it was a separate issue not before the court at that time.

In the motion for summary judgment, Mr. Brush argues alternatively that he is entitled to the proceeds under the doctrine of unjust enrichment, in that allowing the debtors "to receive the benefit of the payments made by Mr. Brush [on the harvester] as well as receive any funds above and beyond the last payment due is inequitable." Br. in Supp. of Summ. J. at 8 (Fil. No. 120).

Unjust enrichment is an equitable theory of recovery based on circumstances that demand judicial action to remedy an injustice or inequity. *Equestrian Ridge Homeowners Ass'n v. Equestrian Ridge Ests. II Homeowners Ass'n*, 953 N.W.2d 16, 37 (Neb. 2021). To prevail on such a claim, "the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff." *Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006). The issue of unjust enrichment is a question of fact. *Tracy v. Tracy*, 581 N.W.2d 96, 101 (Neb. Ct. App. 1998).

---

[1] The debtor believes that because Mr. Brush did not pay him for harvesting Mr. Brush's crops and did not make the 2019 harvester payment to Deere, the sale-lease agreement was breached and he may be owed damages.

While the court previously ruled in the context of the motion for relief from stay that the harvester had been sold to Mr. Brush and was not property of the bankruptcy estate, the legal conclusion that Mr. Brush is automatically entitled to the excess proceeds does not necessarily follow. Factual issues remain to be decided; accordingly, his motion for summary judgment will be denied and the matter will be set for trial.

IT IS ORDERED:  The motion for summary judgment by creditor William Brush (Fil. No. 119) is denied. The clerk set this matter for a one day trial.

DATED: April 22, 2021.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Cindy R. Volkmer
   John C. Hahn
   James A. Overcash
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.